UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW K. KAMANA'O,<br><br>          Plaintiff,<br><br>     vs.<br><br>KEVIN D. CHANG, MAGISTRATE JUDGE, UNITED STATES DISTRICT COURT;<br><br>          Defendant. | CIV. NO. 23-00628 LEK-KJM |

**ORDER: DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT FOR A CIVIL CASE; RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND DIRECTING <u>THAT PLAINTIFF'S FILING FEE BE REFUNDED</u>**

On December 27, 2023, pro se Plaintiff Andrew K. Kamana`o ("Kamana`o") filed his Complaint for a Civil Case ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] For the reasons set forth below, the Complaint is hereby dismissed without prejudice to the filing of a petition pursuant to Title 28 United States Code Section 2254. In light of the dismissal of the Complaint, this Court will reserve ruling on the Application until Kamana`o files his Section 2254 petition. Further, the Clerk's Office is directed to refund the filing fee for a civil action that Kamana`o paid on December 28, 2023.

**BACKGROUND**

Kamana`o states that, "[w]hile on probation in 1981 for kidnapping and firearms, [he] was wrongfully convicted / indicted [in a state court] as the 'Black Point Serial Rapist.'" [Complaint at pg. 5, § III.] Kamana`o filed the instant case to seek expungement of his conviction, "sealing and exonerat[ion] with Prejudice," and cancellation of the order requiring him to register as a sex offender. [Id. at pg. 6, § IV.] Kamana`o names retired United States Magistrate Judge Kevin S. Chang ("Judge Chang") as the defendant in this case because, according to Kamana`o, in 2006, Judge Chang ordered that Kamana`o be resentenced. [Id. at pg. 2, § I.B.;[1] id. at pg. 5, § III.]

On April 27, 2004, the State of Hawai`i Circuit Court of the First Circuit ("the state court") entered a judgment of conviction against Kamana`o for the following charges: "three counts of Burglary in the First Degree, two counts of Rape in the First Degree, one count of Attempted Sodomy in the Third Degree, one count of Sodomy in the First Degree, one count of Sexual Abuse in the First Degree, and one count of Harassment." State v. Kamana`o, No. 26592, 2005 WL 1428522, at *1 (Hawai`i

---

[1] Kamana`o mistakenly identifies Judge Chang as "Kevin D. Chang." See Complaint at pg. 2, § I.B.

Ct. App. June 20, 2005). The Hawai`i Intermediate Court of Appeals ("ICA") affirmed the judgment on appeal. Id.

On October 27, 2005, in this district court, Kamana`o filed a petition for habeas corpus relief pursuant to Title 28 United States Code Section 2254. [Kamana`o v. Peyton et al., CV 05-00681 SOM-KSC ("CV 05-681"), dkt. no. 1.] On May 10, 2006, Judge Chang issued his Findings and Recommendation to Grant Petition for Writ of Habeas Corpus. [CV 05-681, dkt. no. 16.] On June 21, 2006, the district judge issued an order adopting the findings and recommendation in part, modifying it in part, and supplementing it. [CV 05-681, dkt. no. 26.[2]] The district judge granted the Section 2254 petition and ordered the State of Hawai`i to resentence Kamana`o. [Id. at 18.]

Following the grant of habeas relief, the state court resentenced Kamana`o, and issued an Amended Judgment of Conviction and Sentence on October 16, 2006. The ICA affirmed the amended judgment on appeal, and the Hawai`i Supreme Court affirmed the ICA's summary disposition order. See State v. Kamana`o, No. 28236, 2007 WL 4348945 (Hawai`i Ct. App. Dec. 13, 2007), *aff'd*, 118 Hawai`i 210, 188 P.3d 724 (2008).

---

[2] The district judge's order in CV 05-681 is also available at 2006 WL 1775869.

3

Kamana`o filed another Section 2254 petition in this district court on July 9, 2009. [Kamana`o v. Frank et al., CV 09-00313 JMS-BMK ("CV 09-313"), Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed 7/9/09 (dkt. no. 1).] That petition was denied with prejudice. [CV 09-313, Order (1) Adopting the Findings and Recommendation to Deny Petition for Writ of Habeas Corpus and (2) Granting in Part and Denying in Part Certificate of Appealability, filed 4/30/10 (dkt. no. 27).[3]] The decision in CV 09-313 was affirmed on appeal, and the United States Supreme Court denied the petition for a writ of certiorari. [CV 09-313, Ninth Circuit Memorandum, filed 9/20/11 (dkt. no. 37); id., letter from the Supreme Court of the United States Office of the Clerk, filed 3/21/12 (dkt. no. 41).[4]]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-

---

[3] The district judge's order in CV 09-313 is also available at 2010 WL 1783560.

[4] The Ninth Circuit Memorandum is also available at 450 F. App'x 631, and the denial of certiorari is noted at 565 U.S. 1267.

4

KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[5] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).

---

[5] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

**DISCUSSION**

I.  **Screening of the Complaint**

The instant case attempts to assert another challenge to Kamana`o's conviction and sentence by the state court. Because Kamana`o is not asserting a cause of action against Judge Chang, the Complaint fails to state a claim upon which

6

relief can be granted. This Court therefore dismisses the Complaint pursuant to Rule 12(b)(6). See Omar, 813 F.2d at 991. This Court must next consider whether the dismissal should be without prejudice.

If Kamana`o is still in the custody of the State of Hawai`i pursuant to the judgment of conviction and sentence that he attempted to challenge in the Complaint, he may be able to file a Section 2254 petition. Section 2254 states, in relevant part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person **in custody** pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

It appears that Kamana`o is no longer serving a term of imprisonment. See Complaint at pg. 2, § I.A (giving what appears

7

to be an apartment in Honolulu as his address of record). However, Kamana`o would be considered to be "in custody" if he is on parole, or if he is subject to some other signific restraint on his liberty, pursuant to the judgment of conviction and sentence that he attempted to challenge in the Complaint. See Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 509 (1982) (noting the United States Supreme Court has "considered the parolee in 'custody' for purposes of § 2254(b) because 'the custody and control of the Parole Board involve significant restraints on petitioner's liberty . . . which are in addition to those imposed by the State upon the public generally'" (quoting Jones v. Cunningham, 371 U.S. 236, 242 (1963))).

If Kamana`o is not considered to be "in custody," he would need to file a petition for a writ of coram nobis to challenge his prior conviction and sentence. This district court has stated:

> A writ of coram nobis is "a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Riedl, 496 F.3d 1003, 1005 (9th Cir. 2007). It is distinguishable from the ancient writ of habeas corpus, available only to convicted defendants in "custody." See Hensley v. Municipal Court, 411 U.S. 345, 349 (1973); Jones v. Cunningham, 371 U.S. 236, 243 (1963). . . . A writ of coram nobis . . . allows a petitioner to attack a conviction when the petitioner has already finished his sentence and is no longer in

8

> custody. See McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995).

Shin v. United States, CRIM. NO. 04-00150 SOM, 2021 WL 4944028, at *11 (D. Hawai`i Oct. 22, 2021).[6] However, if Kamana`o seeks a writ of coram nobis, his must do so in the state court which convicted and sentenced him.

> As a "writ of error coram nobis attacking [a] conviction may only be brought in the sentencing court," United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002), "[c]oram nobis relief is not available in federal court to attack a state court conviction," Casas-Castrillon v. Warden, 265 F. App'x 639, 640 (9th Cir. 2008). Accord Pomeroy v. Alaska, 785 F. App'x 470, 470 (9th Cir. 2019) ("The district court properly dismissed Pomeroy's petition challenging his Alaska state conviction for assault because coram nobis relief is not available in federal court to attack a state court conviction."); Hensley v. Municipal Court, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972) ("We are unable to treat this petition as one seeking coram nobis relief because [the petitioner] seeks to challenge a state court proceeding in federal court. Coram nobis lies only to challenge errors occurring in the same court."), *rev'd on other grounds*, 411 U.S. 345 (1973).

Patterson v. California, Case No. 1:22-cv-01049-EPG-HC, 2022 WL 4086911, at *1 (E.D. Cal. Sept. 6, 2022) (alterations in Patterson).[7]

---

[6] Shin was affirmed on appeal. Shin v. United States, No. 21-16833, 2023 WL 2523613 (9th Cir. Mar. 15, 2023), *cert. denied*, 144 S. Ct. 195 (2023).

[7] The magistrate judge's findings and recommendation in Patterson was adopted by the district judge. 2022 WL 16855884 (Nov. 10, 2022).

9

It is not clear from the Complaint whether Kamana`o is "in custody" for purposes of a possible Section 2254 petition. Because Kamana`o may be able to file a Section 2254 petition raising the arguments that he attempted to assert in the Complaint, the dismissal of the Complaint is without prejudice to the filing of a Section 2254 petition.

Before filing a Section 2254 petition based on the arguments that he attempted to assert in the Complaint, Kamana`o must obtain a certificate of appealability from the Ninth Circuit Court of Appeals, unless he can show that his claims were not ripe at the time that CV 09-313 was adjudicated.

> A state prisoner is generally limited to a single federal habeas petition. See 28 U.S.C. § 2244(b)(1). Prior to filing a second or successive petition under 28 U.S.C. § 2254 in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152–53 (2007); Chades v. Hill, 976 F.3d 1055, 1056 (9th Cir. 2020).
>
> Unless and until the Ninth Circuit authorizes a district court to consider a second or successive petition for writ of habeas corpus, the court lacks jurisdiction to do so. See Magwood v. Patterson, 561 U.S. 320, 330–31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court."); Brown v. Muniz, 889 F.3d 661, 67 (9th Cir. 2018) ("If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it.").

10

> "Notwithstanding the prohibition of second or successive petitions in most cases, not every petition filed after an initial petition has been adjudicated is considered second or successive." Brown v. Atchley, 76 F.4th 862, 866 (9th Cir. 2023). For example, "[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded, and such petitions are not second or successive because a claim does not become ripe until the facts that give rise to the constitutional claim first arise." Id. at 867 (quotation marks and citations omitted) (alteration in original). Thus, "a prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding." Id. (quotation marks and citation omitted).

Martinez v. Hawai`i Paroling Auth., CIVIL NO. 23-00411 LEK-KJM, 2023 WL 7130671, at *1-2 (D. Hawai`i Oct. 30, 2023) (alteration in Martinez).

## II. Application

Insofar as the Complaint has been dismissed without prejudice to the filing of a Section 2254 petition, it is not appropriate to rule on the Application at this time. This Court will therefore reserve ruling on the Application until Kamana`o files a Section 2254 petition. If the Section 2254 petition survives the screening process, this Court will then rule upon the Application and address whether Kamana`o is entitled to proceed without prepaying fees and costs.

This Court also notes that, while the Application was pending, Kamana`o paid the $405.00 filing fee associated with a civil action. See receipt, filed 12/28/23 (dkt. no. 6). If Kamana`o files a Section 2254 petition, the filing fee would be $5.00. See United States District Court District of Hawaii, Court Resources / Schedule of Fees & Online Payments, https://www.hid.uscourts.gov/court-resources/schedule-of-fees (last visited Apr. 7, 2024). This Court therefore directs the Clerk's Office to refund the filing fee that Kamana`o paid on December 28, 2023.

If Kamana`o chooses to pay the $5.00 filing fee when he files his Section 2254 petition, this Court will deem his Application withdrawn. In other words, the payment of the $5.00 filing fee would show that Kamana`o does not wish to proceed *in forma pauperis*.

## CONCLUSION

For the foregoing reasons, the Complaint for a Civil Case that Kamana`o filed on December 27, 2023, is HEREBY DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing of a petition pursuant to Title 28 United States Code Section 2254. If Kamana`o wishes to pursue a Section 2254 petition, and if he is able to address the issues identified in this Order, he may file his Section 2254 petition in this case by **May 28, 2024.** This Court will reserve ruling on the Application to Proceed in

12

District Court Without Prepaying Fees or Costs that Kamana`o filed on December 27, 2023 until he files a Section 2254 petition. Because the filing fee for the Section 2254 petition will be $5.00, the Clerk's Office is DIRECTED to refund the $405.00 filing fee that Kamana`o paid on December 28, 2023. If Kamana`o chooses to pay the $5.00 filing fee when he files his Section 2254 petition, his Application will be deemed withdrawn.

Kamana`o is CAUTIONED that, if he fails to file a Section 2254 petition in this case by **May 28, 2024,** this case will be closed. In that instance, if he chooses to file a Section 2254 petition at a later date, a new civil case would be opened. Kamana`o is also CAUTIONED that, if he files a Section 2254 petition in this case by **May 28, 2024,** but the petition does not address either the "in custody" requirement or the certificate of appealability requirement discussed in this Order, his petition will be dismissed.

The Clerk's Office is DIRECTED to send Kamana`o a copy of the form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 12, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ANDREW K. KAMANA`O VS. KEVIN D. CHANG, ETC.; CV 23-00628 LEK-LKM; ORDER:  DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT FOR A CIVIL CASE; RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND DIRECTING THAT PLAINTIFF'S FILING FEE BE REFUNDED**