```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII

ANDREW K. KAMANA'O,                  CIV. NO. 23-00628 LEK-KJM

          Plaintiff,

    vs.

STATE OF HAWAII,

          Defendant.
```

**ORDER: DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR
WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY,
WITH LEAVE TO AMEND; AND DENYING APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On June 18, 2024, pro se Petitioner Andrew K. Kamana`o ("Kamana`o") filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Section 2254 Petition"). [Dkt. no. 14.] Kamana`o filed supplements to his Section 2254 Petition on August 13, 2024 and September 30, 2024 ("8/13 Supplement" and "9/30 Supplement"). [Dkt. nos. 19, 23.] This Court has reviewed the Section 2254 Petition, as supplemented, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Because the Section 2254 Petition does not establish that Kamana`o was in custody when he filed the petition, the petition is dismissed with leave to amend. If Kamana`o chooses to file an amended petition, the amended petition must include

information establishing that he is in custody. Alternatively, Kamana`o may voluntarily dismiss this action.

In addition, the Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") that Kamana`o filed on December 27, 2023, [dkt. no. 3,] is denied. If Kamana`o chooses to file an amended petition, he must pay the $5.00 filing fee for a Section 2254 petition.

**BACKGROUND**

Kamana`o states he was sentenced on October 16, 1981 in the State of Hawai`i First Circuit Court ("state court") to forty years and four months of imprisonment for various charges, including rape, sodomy and burglary. See Section 2254 Petition at PageID.33. However, the sentencing date appears to be an error, as the appellate decisions reflect that the jury returned a guilty verdict on October 13, 1983, and the judgment was filed on January 10, 1984. See State v. Kamana`o, 103 Hawai`i 315, 316-17, 82 P.3d 401, 402-03 (2003). The Hawai`i Supreme Court affirmed the judgment of conviction and sentence. Id. at 319, 82 P.3d at 405 (citing State v. Kamana`o, 67 Haw. 678, 744 P.2d 775 (1985) (mem.)).

On September 15, 2000, Kamana`o filed a motion for relief pursuant to Rule 35 of the Hawai`i Rules of Penal

2

Procedure,[1] and the state court denied the motion on August 14, 2002. Id. at 319, 82 P.3d at 405. On appeal, the Hawai`i Supreme Court vacated the state court's order denying the Rule 35 motion, vacated the January 10, 1984 judgment as to Kamanao's sentence, and remanded the case for resentencing. Id. at 324, 82 P.3d at 410. The state court's resentencing judgment after remand was affirmed on appeal. See State v. Kamana`o, No. 26592, 2005 WL 1428522, at *1 (Hawai`i Ct. App. June 20, 2005).

On October 27, 2005, in this district court, Kamana`o filed a petition for relief pursuant to Title 28 United States Code Section 2254. [Kamana`o v. Peyton et al., CV 05-00681 SOM-KSC ("CV 05-681"), dkt. no. 1.] On May 10, 2006, the magistrate judge issued Findings and Recommendation to Grant Petition for Writ of Habeas Corpus. [CV 05-681, dkt. no. 16.] On June 21, 2006, the district judge issued an order adopting the findings and recommendation in part, modifying it in part, and supplementing it. [CV 05-681, dkt. no. 26.[2]] The district judge

---

[1] Before Kamana`o filed his Rule 35 motion in the state court, he filed three petitions in this district court for habeas corpus relief pursuant to Title 28 United States Code Section 2254, and each petition was dismissed. See generally Kamana`o v. Penarosa et al., CV 96-625 ACK-FIY; Kamana`o v. Penarosa et al., CV 96-01207 DAE-FIY 2254; Kamana`o v. Hawai`i, CV 00-00504 HG-LK.

[2] The district judge's order in CV 05-681 is also available at 2006 WL 1775869.

3

granted the Section 2254 petition and ordered the State of Hawai`i to resentence Kamana`o. [Id. at 18.]

Following the grant of habeas relief, the state court resentenced Kamana`o, and issued an Amended Judgment of Conviction and Sentence on October 16, 2006. The Hawai`i Intermediate Court of Appeals ("ICA") affirmed the amended judgment on appeal. See State v. Kamana`o, No. 28236, 2007 WL 4348945 (Hawai`i Ct. App. Dec. 13, 2007). The Hawai`i Supreme Court affirmed the ICA's summary disposition order. State v. Kamana`o, 118 Hawai`i 210, 188 P.3d 724 (2008).

Kamana`o filed another Section 2254 petition in this district court on July 9, 2009. [Kamana`o v. Frank et al., CV 09-00313 JMS-BMK ("CV 09-313"), Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed 7/9/09 (dkt. no. 1).] That petition was denied with prejudice. [CV 09-313, Order (1) Adopting the Findings and Recommendation to Deny Petition for Writ of Habeas Corpus and (2) Granting in Part and Denying in Part Certificate of Appealability, filed 4/30/10 (dkt. no. 27).[3]] The decision was affirmed on appeal, and the United States Supreme Court denied the petition for a writ of certiorari. [CV 09-313, Ninth Circuit

---

[3] The district judge's order in CV 09-313 is also available at 2010 WL 1783560.

4

Memorandum, filed 9/20/11 (dkt. no. 37); id., letter from the Supreme Court of the United States Office of the Clerk, filed 3/21/12 (dkt. no. 41).[4]]

The instant Section 2254 Petition raises four grounds, but all of them raise the same argument - that Kamana`o was wrongfully convicted in 1984. See Section 2254 Petition at PageID.37-43. Kamana`o seeks the following relief: "Of wrongful conviction with expungement of Rape, Sodomy and Sexual Assault. Petitioner will no longer have mandatory registry every 3 months as a sex offender with prejudice." [Id. at PageID.47.]

Kamana`o states he has "been out from prison since 2022." [Id. at PageID.37.] He contends the sex offender registration requirement is a future sentence that is subject to Section 2254 relief because registration "is mandatory or [he] face[s] goin[g] back to prison again for something [he] never did or pleaded guilty to any sex assault crimes." [Id. at PageID.45.]

This Court directed Kamana`o to file a supplement to the Section 2254 Petition "addressing: 1) whether he was on parole on June 18, 2024; and 2) if he was not on parole, what significant restraints on his liberty he was subjected to as of

---

[4] The Ninth Circuit Memorandum is also available at 450 F. App'x 631, and the denial of certiorari is noted at 565 U.S. 1267.

June 18, 2024." [Minute Order – EO: Court Order Directing Petitioner to File a Statement Clarifying His Status, filed 7/1/24 (dkt. no. 15), at PageID.126.] Kamana`o filed the 8/13 Supplement and the 9/30 Supplement in response. Kamana`o contends he is "still in prison" because of the effects of his allegedly wrongful conviction, including stigmatization, depression, anxiety, and "a tarnished reputation." [8/13 Supplement at PageID.141-42.] In the 9/30 Supplement, Kamana`o sets forth "a timeline of [his] journey to fight for his innocence . . . ." See 9/30 Supplement at PageID.158.

## STANDARD

> Rule 4 of the Habeas Rules requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court may summarily dismiss a habeas corpus petition *sua sponte* if "it plainly appears from the petition . . . that the petitioner is not entitled to relief." Habeas Rule 4; Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). "A district court should do so, however, only after 'provid[ing] the petitioner with adequate notice and an opportunity to respond.'" Valdez, 918 F.3d at 693 (quoting Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001)) (alteration in original).

Granados v. Hawai`i, CIVIL NO. 24-00130 DKW-WRP, 2024 WL 1703107, at *2 (D. Hawai`i Apr. 18, 2024) (alterations in Granados).

**DISCUSSION**

I. **"In Custody" Requirement**

> Section 2254 states:
>
> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person **in custody pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has interpreted § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng [v. Cook], 490 U.S. [488,] 490–91, 109 S. Ct. 1923 [(1989) (per curiam)]. As we explained in Dominguez v. Kernan, 906 F.3d 1127, 1136 (9th Cir. 2018), there must be a nexus between "the judgment of a State court" the petitioner is challenging and the "custody" upon which the petitioner relies to establish jurisdiction. Put differently, the challenged judgment must be "the source of the petitioner's custody." Id. (quoting White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004), *overruled on other grounds by* Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc)). . . .

Wright v. Alaska, 47 F.4th 954, 958–59 (9th Cir. 2022) (some alterations in Wright).

> Historically, the "chief use of habeas corpus" was "to seek the release of persons held in actual, physical custody in prison or jail." Jones v. Cunningham, 371 U.S. 236, 238, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963). But in Jones, the Supreme Court interpreted "custody" to encompass circumstances in which the state has imposed "significant restraints on [a] petitioner's liberty." Id. at 242, 83 S. Ct. 373. That was

7

> because, Jones held, "[h]istory, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." Id. at 240, 83 S. Ct. 373. Jones concluded that a paroled prisoner was therefore in "custody" for habeas purposes due to a series of highly limiting and onerous conditions, such as that he be "confined . . . to a particular community, house, and job at the sufferance of his parole officer" and expected to "keep good company and good hours, work regularly, keep away from undesirable places, and live a clean, honest and temperate life." Id. at 242, 83 S. Ct. 373.
>
> After Jones, the Supreme Court held that a petitioner released on his own recognizance pending execution of his sentence was "in custody" within the meaning of the federal habeas statute. Hensley v. Mun. Ct., San Jose Milpitas Judicial Dist., 411 U.S. 345, 345–46, 93 S. Ct. 1571, 36 L.Ed.2d 294 (1973). Hensley affirmed that the "custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Id. at 351, 93 S. Ct. 1571. At the same time, Hensley noted, the writ's "use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." Id. Thus, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack." Maleng v. Cook, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989).

Munoz v. Smith, 17 F.4th 1237, 1241 (9th Cir. 2021) (alterations in Munoz).

8

The stigmatization, depression, and other issues that Kamana`o reports experiencing, see 8/13 Supplement at PageID.141, are merely collateral consequences of his conviction; they do render him "in custody" for purposes of Section 2254 relief. See Munoz, 17 F.4th at 1242 ("Williamson provided several examples of conditions that are 'merely a collateral consequence of conviction, and do[] not meet the "in custody" requirement[,]'" including "'the imposition of a fine,' the revocation of a professional license or a driver's license, and 'the inability to vote, engage in certain businesses, hold public office, or serve as a juror'" (some alterations in Munoz) (quoting Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998))).

Turning to Kamanao's argument that his sex offender registration requirement renders him "in custody," see Section 2254 Petition at PageID.45, this Court notes that the requirements of the sex offender registration laws in Washington, California, and Oregon have been held to impose insufficient restraints on liberty to render petitioners "in custody" for purposes of Section 2254. See Munoz, 17 F.4th at 1242-43 (discussing Williamson, 151 F.3d 1180; Henry v. Lungren, 164 F.3d 1240 (9th Cir. 1999); McNab v. Kok, 170 F.3d 1246 (9th Cir. 1999) (per curiam)).

9

The Ninth Circuit has not addressed the issue of whether the Hawai`i sex offender registration statute, Hawai`i Revised Statute Section 846E-2(c), would pass the analysis applied in Williamson and its progeny. However, this district court has predicted that

> Hawaii's sex offender registration statute would likely pass similar analysis, as it allows a registrant the freedom to move about, subject only to the requirement that the registrant notify the proper agency of his or her new address within a specified amount of time. See Haw. Rev. Stat. § 846E-2(c) (Supp. 2003); McNab, 170 F.3d at 1247 (determining Oregon sex offender registry requirement does not render habeas petitioner in custody); Henry, 164 F.3d at 1241–42 (same under California law); Williamson, 151 F.3d at 1183–84 (same under Washington law). The requirement that Caires is required to register with the attorney general and provide the information required by the statute does not render him "in custody" within the meaning of § 2254.

Caires v. Iramina, Civil No. 08-00110 SOM-KSC, 2008 WL 2421640, at *3 (D. Hawai`i June 16, 2008). This Court agrees with the reasoning in Caires and concludes that the Hawai`i sex offender registration requirement that Kamana`o is subject to does not render him "in custody" for purposes of Section 2254.

Because the Section 2254 Petition indicates that Kamana`o was not "in custody" when he filed the petition, this Court lacks subject matter jurisdiction over the challenges in the petition. See Maleng, 490 U.S. at 492–93 (noting "[t]he federal habeas statute gives the United States district courts

10

jurisdiction to entertain petitions for habeas relief only from persons who are **in custody** in violation of the Constitution or laws or treaties of the United States" at the time the petition is filed and that a petitioner is not "'in custody' under a conviction when the sentence imposed for that conviction has **fully expired** at the time his petition is filed" (emphases in Maleng) (citations and some internal quotation marks omitted)). Kamanao's Section 2254 Petition is therefore dismissed with leave to amend.

If Kamana`o chooses to proceed with this action, he must file an amended petition which includes information that would support a finding that he is "in custody" for purposes of Section 2254. For example, a petitioner serving parole is considered "in custody." See Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 509 (1982) (noting the United States Supreme Court has "considered the parolee in 'custody' for purposes of § 2254(b) because 'the custody and control of the Parole Board involve significant restraints on petitioner's liberty . . . which are in addition to those imposed by the State upon the public generally'" (quoting Jones v. Cunningham, 371 U.S. 236, 242 (1963))).

## II. Proper Respondent

In addition, Kamana`o must name the proper respondent in his amended petition. The Section 2254 Petition names the

State of Hawai`i, but the State of Hawai`i is not the proper respondent.

> A petitioner seeking a writ of habeas corpus must name as respondent "the person who has custody over him[.]" 28 U.S.C. § 2242; see Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004); Smith v. Idaho, 392 F.3d 350, 354 (9th Cir. 2004). The Supreme Court has explained that "there is generally only one proper respondent to a given prisoner's habeas petition." Padilla, 542 U.S. at 434. This is the person "with the ability to produce the prisoner's body before the habeas court." Id. at 435 (citation omitted); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent . . . is the petitioner's 'immediate custodian'" — that is, "'the person having day-to-day control over the prisoner'" — because "[t]hat person is the only one who can produce 'the body' of the petitioner." (citations omitted)). Failure to properly name the petitioner's custodian as respondent deprives the district court of personal jurisdiction over the custodian. See Smith, 392 F.3d at 354–55.

Granados, 2024 WL 1703107, at *2 (alterations in Granados). "Where the petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or the state correctional agency." Young v. Bd. of Parole, No. 99-15220, 2000 WL 191458, at *1 (9th Cir. Feb. 16, 2000) (citing Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Rule 2(b), 28 U.S.C. foll. § 2254).

12

Other than the custody issue and the lack of a proper respondent, this Court makes no findings or conclusions about the merits of the arguments in the Section 2254 Petition.

**III. Application**

The filing fee for a Section 2254 petition is $5.00. See United States District Court District of Hawaii, Court Resources / Schedule of Fees & Online Payments, https://www.hid.uscourts.gov/court-resources/schedule-of-fees (last visited Jan. 10, 2025). Kamana`o receives $1,641.00 per month in social security benefits, and he has approximately $5,000 in cash or in a checking or savings account. [Application at 1-2.] Further, he does not have any dependents, debts, nor regular monthly expenses. [Id. at 2.]

> Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit demonstrating the inability to pay. Although Section 1915(a) does not require an [*in forma pauperis*] applicant to demonstrate absolute destitution, Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948), he must nevertheless "allege poverty with some particularity, definiteness, and certainty." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." Id. (citing Adkins, 335 U.S. at 339); see 28 U.S.C. § 1915(a)(1).

Funn v. O'Malley, Case No. 24-cv-00301-DKW-RT, 2024 WL 3509771, at *1 (D. Hawai`i July 23, 2024).

13

Based on the representations in the Application, this Court finds that Kamana`o is able to pay the court costs associated with a Section 2254 petition and "still afford the necessities of life." See Escobedo, 787 F.3d at 1234 (citation omitted). Kamanao's Application is therefore denied. If Kamana`o chooses to file an amended petition, he must pay the $5.00 filing fee for a Section 2254 petition.

## CONCLUSION

For the foregoing reasons, Kamanao's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed June 18, 2024, is HEREBY DISMISSED WITH LEAVE TO AMEND. If Kamana`o chooses to file an amended petition, he must do so by **February 13, 2025**. Kamana`o is CAUTIONED that the failure to file a timely amended petition that cures the deficiencies noted in this Order will result in the dismissal of this action and the closure of this case.

In the alternative, Kamana`o may file a notice stating that he is voluntarily dismissing this action. If Kamana`o chooses to file a notice of dismissal, he must do so by **February 13, 2025**.

The Clerk's Office is DIRECTED to send Kamana`o a copy of the form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 14, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**ANDREW E. KAMANA`O VS. STATE OF HAWAII; CV 23-00628 LEK-KJM; ORDER:  DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, WITH LEAVE TO AMEND; AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**