UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW K. KAMANA'O,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII,<br><br>　　　　　Defendant. | CIV. NO. 23-00628 LEK-KJM |

**ORDER DISMISSING WITHOUT PREJUDICE
PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY AND CLOSING THE CASE**

　　　　On June 18, 2024, pro se Petitioner Andrew K. Kamana`o ("Kamana`o") filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Section 2254 Petition"). [Dkt. no. 14.] Kamana`o filed supplements to his Section 2254 Petition on August 13, 2024 and September 30, 2024. [Dkt. nos. 19, 23.] On January 14, 2025, this Court issued an order dismissing the Section 2254 Petition, as supplemented, with leave to amend ("1/14/25 Order"). [Dkt. no. 25.[1]] The deadline for Kamana`o to file either an amended Section 2254 petition or a notice of voluntary dismissal was February 13, 2025. See id. at 14.

　　　　Kamana`o neither filed an amended Section 2254 petition, filed a notice of voluntary dismissal, nor requested

---

[1] The 1/14/25 Order is also available at 2025 WL 92360.

an extension of the February 13, 2025 deadline. On March 14, 2025, Kamana`o was ordered to file either an amended Section 2254 petition or a notice of voluntary dismissal by April 14, 2025. [Minute Order - EO: Order Directing Petitioner to File Either an Amended Petition or a Notice Stating that He Is Voluntarily Dismissing this Action, filed 3/14/25 (dkt. no. 28) ("3/14/25 EO"), at PageID.186.] Kamana`o was cautioned that, if he failed to comply with the April 14, 2025 deadline, this case would be dismissed without prejudice and the case would be closed. [Id.] The 3/14/25 EO also directed Kamana`o to include his current mailing address if he filed an amended Section 2254 petition or a notice of voluntary dismissal. [Id.]

As of the date of the instant Order, Kamana`o has neither filed an amended Section 2254 petition, filed a notice of voluntary dismissal, nor requested an extension of the April 14, 2025 deadline. Because Kamana`o has failed to comply with the 3/14/25 EO, and because Kamana`o has not identified any circumstance which constitutes good cause warranting an extension of the April 14, 2025 deadline, this Court has the discretion to close the instant case. Cf. Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ.

P. 41(b)),[2] *superseded by statute on other grounds as recognized in* Russell v. United States, Case No.: 21cv1029-LL-MDD, 2023 WL 2919319, at *3 (S.D. Cal. Apr. 12, 2023). After weighing the five dismissal factors set forth in Transamerica Life Insurance Co. v. Arutyunyan, 93 F.4th 1136, 1146 (9th Cir. 2024),[3] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of the petition's habeas arguments on the merits. Moreover, the respondent will not be prejudiced by the closure of the case because Kamana`o did not serve the Section 2254 Petition, and there are no less drastic alternatives available

---

[2] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . :
>
> > (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Transamerica Life Ins., 93 F.4th at 1146 (brackets, citation, and quotation marks omitted).

at this time because there is no petition pending before this Court.

The Section 2254 Petition that Kamana`o filed on June 18, 2024 and supplemented on August 13, 2024 and September 30, 2024, is DISMISSED WITHOUT PREJUDICE to the filing of a new habeas petition in a new case. The Clerk's Office is DIRECTED to enter final judgment and close the instant case on **May 13, 2025.**

The Clerk's Office is DIRECTED to serve this Order on Kamana`o at his mailing address of record and at his email address of record.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 28, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**ANDREW K. KAMANA`O VS. STATE OF HAWAII; CV 23-00628 LEK-KJM; ORDER DISMISSING WITHOUT PREJUDICE PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AND CLOSING THE CASE**